SULLIVAN et al. v. SPRING GARDEN INS. CO.

(Supreme Court, Appellate Division, Second Department. November 22, 1898.)

1. INSURANCE—PLEADING—SUFFICIENCY OF COMPLAINT—"INSURABLE INTEREST."

An "insurable interest" in plaintiffs was sufficiently alleged where the policy, which, by agreement of the parties, in an action thereon, was made a part of the complaint, contained a builders' risk clause, and described plaintiffs' interest as that of contractors on a building in course of erection, and the complaint alleged that plaintiffs had an interest in the building in question as contractors, that the amount of their "insurable interest" and the damage to such building exceeded the sum for which judgment was demanded, and that plaintiffs were obliged to, and did, restore such damaged building.

2. SAME—SETTING OUT COPY OF POLICY.

Where an insurance policy, under an agreement of the parties, in an action thereon was to be considered a part of the complaint, and such complaint set out a copy thereof, and alleged the facts showing the loss in question, and the amount due, such alleged cause of action was sufficiently set out, under Code Civ. Proc. § 534, providing that, where a cause of action is founded on an instrument for the payment of money only, the party may set out a copy of such instrument, and state that there is due him thereon from the adverse party a specified sum, which he claims.

3. SAME—CONSIDERATION OF CONTRACT.

Consideration for a contract of insurance was sufficiently alleged where the complaint averred and the policy stated that, in consideration of the premium, defendant insured plaintiffs and another person named, as interest might appear.

4. SAME—INCONSISTENT CLAUSES IN POLICY.

A printed clause in a policy, declaring the latter void if the interest of the assured is other than that of absolute ownership, or if the building is on ground not owned by the assured, will be controlled by the written portion of such policy, where it shows that it was issued to contractors for the erection of a building on land owned by another person, therein named.

5. SAME—PERFORMANCE OF CONDITIONS.

In an action on an insurance policy, a general allegation of compliance, on the part of plaintiffs, with the conditions of such policy, was sufficient, under Code Civ. Proc. § 533, providing that in pleading the performance of a condition precedent the party may state. generally, that all conditions on his part were performed.

6. SAME—SEVERAL CONTRACTS.

A policy insuring two parties "as interest may appear" constitutes a several contract, on which either may sue without joining the other.

Appeal from special term, Richmond county.

Action by James S. Sullivan and others, doing business under the firm name of Sullivan Bros., against the Spring Garden Insurance Company. From a final judgment overruling a demurrer to the complaint, and adjudging that plaintiffs have the relief demanded therein, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Walter Large, for appellant.
William M. Mullen, for respondents.

GOODRICH, P. J. The demurrer is based on the grounds: First, that the complaint does not state facts sufficient to constitute a

cause of action; and, second, that there is a defect of parties plaintiff or defendant, in that Thomas Behan was not made a party. The specific ground of the defendant's demurrer under the first clause of the demurrer is that the complaint did not allege that the plaintiffs had an insurable interest in the premises, or that there was any consideration for the contract, and that the complaint shows a breach of the conditions precedent, without alleging a waiver or excuse for the breach; and, under the second clause of the demurrer, that Behan should have been made a party, because he appears to have an interest in the policy. The complaint alleges the making and delivery by the defendant, on August 11, 1897, of a policy of fire insurance for one year, whereby the "defendant insured one Thomas Behan as owner, and Sullivan Brothers, the plaintiffs herein, as contractors, as interest may appear,  *  *  *  against all direct loss or damage by fire or lightning  *  *  *  on the frame building and additions then in course of erection.  *  *  *  Builders' risk granted to complete above-described building. It being agreed that the policy covers lumber and material used for above-described building contained therein and on the premises adjacent thereto"; that on August 16, 1897, the building was struck by lightning, whereby the property insured was damaged and destroyed to the amount of $1,552.08; and that at the time of issuing said policy, and from thence until the loss herein referred to, the plaintiffs had an interest in the said property insured as contractors; that the value of the building and the amount of the plaintiffs' insurable interest therein at the time of the loss was greater than the loss claimed therein; that all of said loss fell upon the plaintiffs, they being obliged to and having restored the building to the condition in which it was immediately prior to said loss, without compensation therefor; and that the owner of said building makes no claim against the defendant. The complaint further alleges the delivery of proofs of loss, and a compliance with all the terms and conditions of the policy. The policy, by consent of the parties, is printed in the record, and is to be considered a part of the complaint.

The first objection of the defendant is that the complaint does not allege an insurable interest. We hold otherwise. The policy speaks of the plaintiffs' interest as that of a contractor on building in the course of erection, with a builders' risk clause. The complaint alleges that the plaintiffs had an interest as contractors in the building, that the amount of the plaintiffs' insurable interest and the damage to the building was greater than the sum for which judgment was demanded, and that the plaintiffs were obliged to and had restored the damaged building. It seems to be conceded by the appellant's counsel that, if the word "insurable" had been inserted before the word "interest," the allegation would be sufficient. The case of Ruse v. Insurance Co., 23 N. Y. 516, which he cites, was an action on a life insurance policy, where it is elementary that an insurable interest must be alleged and proved. On the other hand, in Fowler v. Insurance Co., 26 N. Y. 422, also cited by the appellant's counsel, a demurrer to a complaint was sustained on the ground that "the radical defect in the complaint is that it contains no averment of interest, either·in the plaintiff or in his assignor, in the subject-matter of the

insurance." The only case which I can find which gives color to the appellant's contention is Freeman v. Insurance Co., 38 Barb. 247, where the court said (page 259) that: "Under the statute of betting and gaming, a policy of fire insurance is void unless the party insured has at the time an insurable interest in the property insured. It follows that a complaint in an action on the policy must contain an averment of such an interest, in order to state a cause of action." But the plaintiff in that action was not named in the policy, and it was necessary to connect him with it by alleging an insurable interest. It may be observed, also, that the opinion lays no stress upon the use of the word "insurable." In another part it refers simply to the necessity of an allegation of interest in the property, and does not use the word "insurable." In Frink v. Insurance Co., 1 Abb. Prac. (N. S.) 343, Miller, J., in stating what the Freeman Case had decided, says that the complaint must allege an interest in the thing insured, and leaves out the word "insurable." But we think the allegations of the complaint are sufficient to show, not only an interest, but an insurable interest, and that under them the plaintiffs can offer evidence at the trial that they were contractors to erect the building, that it was burned, that they were obliged to, and did, restore it to its previous condition, and that the loss fell upon them. This constitutes insurable interest. It may be that the complaint might have been the subject of a motion to make more definite and certain, but that does not affect the sufficiency of the complaint as it stands. The complaint also seems to be in accord with section 534 of the Code of Civil Procedure, as, under the agreement of the parties, the policy is to be considered a part of the complaint. The policy is a contract for the payment of money only. A copy of it is set out, and the complaint alleges the amount due. This, with other allegations as to extrinsic facts showing the loss, constitutes a proper setting out of a cause of action under that section.

The next objection is that the complaint does not allege any consideration for the contract, proceeding from the plaintiffs. We think otherwise. The complaint alleges, and the policy states, that, in consideration of the premium, the defendant insured the plaintiffs and Behan, as interest might appear. This is a sufficient allegation of consideration.

The objection that the complaint shows a breach of the conditions precedent is based upon a printed clause, which makes the policy void if the interest of the insured is other than that of unconditional and sole ownership, or if the building be on ground not owned by the insured in fee simple. On elementary rules, this condition must be controlled by the written portion of the policy, which shows its issue to the plaintiffs as contractors for the erection of a building on property owned by Behan. Section 533 of the Code of Civil Procedure provides that in pleading a condition precedent it shall not be necessary to state the facts constituting performance, but the party may state, generally, a performance; and, if the allegation is controverted, he must, on the trial, establish performance. The allegations of the complaint in this respect are in strict compliance with this section

of the Code, and it remains for the defendant to controvert them if it desires to raise an issue thereon.

The final objection is that Behan should have been made a party. The policy insures two parties, "as interest may appear." This creates, in fact, several contracts, one with each insured, upon which either may sue without joining the other. Some of the cases cited by the appellant's counsel are those where the plaintiff was not named in the policy. None of them relate to a contract like the present one. In addition to this, there is an issuable allegation that Behan "makes no claim against the defendant." It may be that the use of the word "makes" is not so accurate as would have been that of some other word, but it is sufficient. If this is an untrue allegation,—and the defendant ought to know whether any such claim has been made upon it,—the law affords the remedy of interpleader. We think none of the objections to the complaint are ground of demurrer, and that the judgment should be affirmed.

Judgment affirmed, with costs. All concur.