The injustice in the application of any other rule could not be more apparent than in the present action, wherein, after the case had been at issue for three years, an application was made to amend the answer by setting up the statute of limitations, which was granted upon payment of the taxable costs; and this payment, having been made as a condition to the granting of the favor, is now held to be an obstacle to the right which the plaintiff has, as the successful party, under the Code, to tax a full bill of costs. In providing for the payment of "the taxable costs to date," what was done by the court was to adopt a method which would be fair for fixing the amount which the defendant should pay for the favor granted in being allowed, after so long a time, to interpose a defense or a new issue in the case. If, upon plaintiff's succeeding, the defendant is to be credited with the amount thus paid, it really has paid nothing for the favor granted, and the plaintiff has obtained no compensation for the additional labor, expense, and delay entailed by the amendment to the answer allowed. We think the order appealed from should be reversed, with costs, and the motion to retax the costs should be granted, with $10 costs.

VAN BRUNT, P. J., concurs.

---

## MEECH v. NATIONAL ACCIDENT SOC.

(Supreme Court, Appellate Division, Fourth Department. March 21, 1900.)

1. ACCIDENT INSURANCE—INJURY—NOTICE.

Evidence that an accident insurance company sent the plaintiff notice of premiums, and accepted payment of the same, after the injury to the plaintiff occurred, is not relevant to show that the company had waived the written notice of the injury required by the terms of the policy; since the company did not claim that failure to give such notice avoided the policy, but that it merely forfeited indemnity for that particular injury.

2. SAME—WAIVER—PROOF—SUFFICIENCY.

Where plaintiff failed to give an accident insurance company notice of an injury within 10 days after it occurred, as required by the terms of his policy, the fact that the insurance company sent him a blank on which to make proof of the injury is not sufficient to show that the company had waived the notice, where in the same letter the company expressly reserved its rights arising by virtue of such failure to give the required notice.

3. NOTICE—PLEADING—PROOF.

Where plaintiff alleged that he had complied with the provision in an accident policy requiring notice of the injury sustained to be sent to the secretary of the company within 10 days after it occurred, he cannot recover without proof of such compliance, and, in the absence of such proof, a judgment in his favor will be reversed.

Appeal from trial term, Erie county.

Action by Henry C. Meech against the National Accident Society. From a judgment in favor of the plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Elgin L. McBurney, for appellant.
John H. Brogan, for respondent.

LAUGHLIN, J.   The defendant, an accident insurance company, issued a policy of insurance to the plaintiff on the 3d day of February, 1896, whereby, for the consideration paid, it agreed that, if the plaintiff should accidentally sustain bodily injuries incapacitating him from transacting his usual business, it would indemnify him in the sum of $25 per week.   On the 27th day of June, 1897, while said policy was in force, the plaintiff accidentally sustained injuries, without fault on his part, while riding a bicycle.   The conditions of the policy required that notice of the injury should be given in writing addressed to the secretary of the defendant at New York, stating particulars of the accident and injury, and that a failure to give such notice within 10 days from the date of the injury invalidated any and all claims under the policy.   It was further provided in the contract of insurance that, if proof of the injury and duration of the disability should not be furnished to the defendant, in accordance with its rules and regulations as to such an injury, within 30 days after the termination of total disability, all claims based thereon should be forfeited to the company;  that all claims should be payable within 90 days after the receipt of such proofs by the defendant, but that no action should be brought on any such claim within 3 months after the receipt of such proofs at the office of the defendant.   By another provision the right to bring an action was limited to six months after the receipt of the proofs of injury.   A copy of the policy with these conditions was annexed to the complaint, and made a part thereof.   The only allegations of the complaint concerning giving notice of the injury and furnishing proof to the company was that written notice of the injury was forwarded to the company, and also due and proper proof of such injury.   The answer put in issue the material allegations of the complaint, and alleged failure to comply with the conditions concerning notice and proofs of injury.   Defendant's counsel duly moved to dismiss the complaint at the commencement of the trial for its failure to state a cause of action in this regard, and for failure to allege compliance with the terms and conditions of the policy.   The motion was denied, and an exception taken by defendant.   The accident occurred on Sunday.   The plaintiff gave evidence tending to show that on the following Sunday he signed a notice of the injury upon a blank which he had in his possession, and delivered such notice to his physician, who took it to the plaintiff's place of business at East Buffalo, and left it with the bookkeeper, requesting that he deliver it to Mr. North, who had the plaintiff's policy in the safe;  that it was so delivered to North, to be mailed the next day.   North testified that he did not mail the notice to the company, but that he told the doctor where to send it, or had the stenographer send it.   There was no positive evidence that the notice was mailed to the company by any one. It was, however, produced by the attorney for the defendant, and bore an indorsement that it had been received on July 23, 1897.   A letter from the defendant's secretary and general manager to the

plaintiff, dated August 3, 1897, was introduced in evidence, in which it was stated that the notice was received on July 23d, and that it was not a compliance with the conditions of the policy in regard to notice of injury, and attention was called to the provision by which failure to give such notice within 10 days invalidated such claim. This letter concluded as follows:

"Without waiving any of our rights, we inclose herewith the regular form of claim blank. When received duly executed, the same, with other papers, will be placed in the hands of our auditing committee. I cannot, however, at this time, inform you what their decision will be."

The evidence shows that the claim blank was filled out dated August 5th, and returned to the company, and produced by its attorney on the trial. This claim blank contained printed instructions to the effect that it should be made out for the entire period of total disability, that no subsequent claim for the same injury would be considered, and that it should be sent to the company's office when the claimant became able to attend to any part of his business. In filling out this blank, in answer to the question as to the length of time for which he claimed indemnity, plaintiff said he claimed from June 27th to September 1st,—nine weeks. The plaintiff showed that the injuries incapacitated him from transacting business until after November 17, 1897, when this action was commenced. The plaintiff testified that he sent several proofs of loss to the company, and they were not returned to him, and that, in August, Dr. Packwood, of Michigan street, examined him for the company. At the close of the plaintiff's case, defendant's counsel again moved to dismiss the complaint on the grounds before stated, and also upon the ground that the action was prematurely commenced, and that plaintiff had failed to furnish proofs of his injury within 30 days after his recovery, and that there was no allegation of any waiver of compliance with the terms and conditions of the policy. The motion was denied, and an exception again taken. At the close of the evidence both parties moved for a direction of a verdict, and the court directed a verdict in favor of the plaintiff for $425, being for 17 weeks, which covered the period down to November 12th. Defendant's counsel excepted to the direction of the verdict.

The learned trial justice, in directing the verdict, stated that the testimony of the witness North was to the effect that he mailed the notice to the defendant the day it was delivered to him by the doctor. The certificate shows that the "case" contains all of the evidence, and the record, which is our only guide, fails to show that North so testified. The sufficiency of the complaint and of the evidence presented, and the right to recover on the theory of waiver without alleging waiver, are pointedly raised by the exceptions. If plaintiff could recover on the theory of waiver without laying the foundation therefor in his pleading, it is doubtful whether the evidence of waiver was sufficient. The evidence relating to the defendant's notifying plaintiff when subsequent premiums became due under his policy, and his payment thereof, was irrelevant to the issues. The defendant's contention was not that the policy became void on account of plaintiff's failure to give it timely notice of the acci-

dent, but that his claim for indemnity on account of that particular accident was thereby forfeited. The evidence did not show that the company demanded or required that plaintiff submit to an examination by its physician, or whether the examination was before or after its letter of August 3d, suggesting that plaintiff fill out and forward proofs of his claim, but expressly reserving its right arising out of his failure to notify it of the accident within 10 days. The law does not favor forfeiture. The provisions of the policy should be reasonably, not rigidly, construed, and the insurer should not be relieved of liability upon technical grounds. Solomon v. Insurance Co., 160 N. Y. 595–600, 55 N. E. 279; Trippe v. Society, 140 N. Y. 23–26, 35 N. E. 316, 22 L. R. A. 432. But, in the absence of express waiver of the performance of conditions precedent, some element of estoppel must exist. It must be affirmatively shown by the insured that he has been misled to his prejudice by some act of the insurer, or that the latter, after knowledge of the facts constituting the forfeiture, has done or required something, or exercised a right which could only be done, exercised, or required, by virtue of the policy. Such estoppel or waiver cannot be inferred from mere silence on the part of the insurance company, nor from its suggesting the forwarding of proofs of loss or corrections therein, expressly reserving its right to declare the forfeiture. Gibson Electric Co. v. Liverpool & L. & G. Ins. Co., 159 N. Y. 418, 54 N. E. 23; Lamb v. Insurance Co., 22 App. Div. 552–554, 48 N. Y. Supp. 123; Armstrong v. Insurance Co., 130 N. Y. 560, 564, 565, 29 N. E. 991. Where notice has been given, and proofs of claim or loss furnished, within the time required by the policy, and they have been retained by the company without objection, the plaintiff may, it seems, notwithstanding defects or informalities therein, recover on an allegation of performance. Giving notice of the accident and furnishing proofs of the extent of the injury, however, within the time specified in the contract, are conditions precedent to a right to indemnity under the policy; and it is incumbent on the plaintiff to allege and prove compliance in this regard if he expects to recover on the theory of performance, or to allege and prove facts showing absolute denial of liability or other waiver or estoppel, or sufficient excuse to authorize a recovery notwithstanding his noncompliance. This is a general rule of pleading, and we see no reason for not applying it, to the extent here considered, in actions on insurance policies as well as in other cases. 4 Enc. Pl. & Prac. 629, 630, 640, 641; 6 Enc. Pl. & Prac. 461, 462; 11 Enc. Pl. & Prac. 413, 414; Bac. Ben. Soc. 401, 403–405, 410–454; 2 Wood, Ins. pp. 1134, 1135; Joyce, Ins. §§ 3674–3677, 3765; Hosley v. Black, 28 N. Y. 438; Bogardus v. Insurance Co., 101 N. Y. 335, 4 N. E. 522; Fox v. Davidson, 36 App. Div. 159, 55 N. Y. Supp. 524; Elting v. Dayton (Sup.) 17 N. Y. Supp. 849, affirmed in 144 N. Y. 644, 39 N. E. 493; La Chicotte v. Electric Co., 15 App. Div. 380, 44 N. Y. Supp. 75; Clift v. Rodger, 25 Hun, 39; Armstrong v. Insurance Co., 130 N. Y. 565, 29 N. E. 991; Sullivan v. Insurance Co. (Sup.) 54 N. Y. Supp. 629; Weeks v. O'Brien, 141 N. Y. 199, 36 N. E. 185; Baxter v. Insurance Co., 44 Hun, 184; Attorney General v. Continental Life Ins. Co., 93 N. Y. 73, 74. We think plaintiff failed

to show compliance with the conditions precedent, and recovery could not be sustained under the complaint without such proof.

The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur; WILLIAMS, J., in result.