in the order for execution to issue in favor of the person to whom costs were awarded. Code Civ. Proc. § 779. But we are referred to no authority authorizing the entry of a formal judgment, as has been done in this case.

We have examined with considerable care the evidence which was given bearing upon the attorney's right to a lien for the 10 per cent. upon the moneys secured for the plaintiff. It would serve no useful purpose to analyze or discuss the evidence in detail. It is sufficient now to say that the conclusions reached by the referee and the court upon the motion to confirm find clear support in the testimony, and we see no reason for reaching a different result.

So far as the appeal from the order denying the motion for a new trial is concerned, we think the order should be affirmed.

It clearly appears from the attorney's affidavit that the evidence was not newly discovered, as he asserts that, "before the reference was proceeded with, I met Mr. T. Vinton Murphy, and then ensued the conversation mentioned in the affidavits of my son and himself." Murphy and his wife were the witnesses from whom it was expected to obtain the newly-discovered evidence. To what they would testify was known to the attorney before the reference was concluded, and they were both present before the referee, but were not sworn. It may be the misfortune of the attorney that these witnesses were not available at the time he desired to take their testimony, but such fact does not furnish a basis for a new trial on the ground of newly-discovered evidence, as it was in no legal sense newly discovered.

It follows that the judgment which has been entered should be vacated and set aside, and the order of confirmation of the report should be modified by awarding of costs and disbursements in favor of the attorney as provided by section 3240 of the Code of Civil Procedure, and as so modified the order of confirmation of the report of the referee is affirmed, without costs of this appeal to either party. All concur.

---

(36 Misc. Rep. 306.)

### BABCOCK v. PACIFIC MUT. LIFE INS. CO.

(Supreme Court, Special Term, Tompkins County. November, 1901.)

ACCIDENT POLICY—WAIVER OF CONDITIONS.
   Proofs furnished by insured under an accident policy were rejected by insurer. The insured never demanded any further blanks nor made any further proofs, but claimed that he had been more seriously injured than he had at first supposed, and testified in an action on the policy that the insurer directed him to go to its physician for further examination, and the physician refused to examine him. *Held*, that the evidence was insufficient to justify a finding that the insured waived filing of new proofs of loss, or the giving of additional proof by the insured as to his supplementary claim for damages.

Action by Edwin G. Babcock against the Pacific Mutual Life Insurance Company. Verdict for plaintiff.

Raymond L. Smith (David M. Dean, of counsel), for plaintiff.
Tompkins, Cobb & Cobb, for defendant.

FORBES, J. This is an action on an accident insurance policy.
The plaintiff was injured at Buffalo, N. Y. He returned home on
or about the 26th day of September, 1899, the day of the accident.
On the 11th day of October, 1899, he notified the defendant com-
pany that he had been injured. The defendant forwarded blank
proofs, which were filled out and sworn to, with the certificate of
a physician attached thereto, showing the particulars of the acci-
dent, the place at which the injuries were received, and the extent
of those injuries discovered at that time. These proofs were re-
turned to defendant. After a brief examination ·of the plaintiff's
claim, it was rejected. This is shown from the letters written by
the plaintiff · himself to the defendant company or to its agent in
New York City. The plaintiff in those letters claimed that he had
been more seriously injured than he at first supposed; that one of
his ribs had been badly fractured. Some correspondence followed.
A portion of that correspondence, on behalf of the defendant cor-
poration, is not before the court. Plaintiff claims that he returned,
at the request of the defendant, all of the correspondence to the
home office in San Francisco, Cal. No additional proofs were ever
furnished by the plaintiff to the defendant corporation covering a
subsequent additional claim for damages. Two letters, which were
put in evidence, written by the defendant corporation or its local
agent, show that the matter was referred to the local office in New
York City, which claim for liability was again repudiated. Upon
the trial the plaintiff swore that he received a letter from the defend-
ant, permitting him to go before the defendant's physician for fur-
ther examination; that he made the application, but the physician
refused to examine him. The plaintiff claims that this letter is in
the possession of the defendant? On the trial of this action the
defendant admitted its liability under the policy, to the extent of
$10 only, for two weeks' indemnity.

The case was sent to the jury, however, upon the question of a
waiver by the defendant. All the circumstances from which a waiver
could be inferred are before the court. The real question is whether
that evidence warrants the inference, which the jury drew, that the
defendant intended to waive the filing of new proofs of loss, or the
giving of additional evidence of his supplementary claim for injuries.
The law undoubtedly is well settled that, in order to waive a right,
the party must in some way mislead the other party to his injury.
Meech v. Accident Society, 50 App. Div. 144, 63 N. Y. Supp. 1008.
A waiver must be predicated upon all the facts, and such facts must
have been in possession of the defendant prior to the time of the
waiver. Those facts must have been known to the party against
whom the waiver is to be enforced. Meech v. Accident Society, 50
App. Div. 144, 63 N. Y. Supp. 1008; Gibson Electric Co. v. Liver-
pool & L. & G. Ins. Co., 159 N. Y. 418, 54 N. E. 23.

It is very doubtful whether a waiver was proved, or whether that
question should have been submitted to the jury.

First. The proofs of loss and the plaintiff's claim for benefits
were absolutely rejected by the defendant; and it would be diffi-
cult to spell out from the evidence, or from the corrrespondence

which is before the court, any intention on defendant's part to do anything more than to make an investigation into the equities of the claim.

Second. The plaintiff made no application, so far as the evidence shows, for additional blanks upon which to supplement his claim, nor did the defendant offer to furnish plaintiff with any with which to make the second claim. Can it be inferred that the defendant waived any of its rights under the policy by withholding the blanks or in promising to further investigate? Gibson Electric Co. v. Liverpool & L. & G. Ins. Co., 159 N. Y. 418, 54 N. E. 23. Was the plaintiff misled by the defendant corporation? If so, in what way? By his proofs of loss, and in no letter which he wrote to the defendant, did the plaintiff make any direct claim for additional compensation. The plaintiff bases his right to an indemnity for two or three weeks' loss of time upon the former proofs, suggesting that he might have made a greater claim had he desired to injure or wrong the company. The following cases, cited by the plaintiff, do not apply: Martin v. Indemnity Co., 151 N. Y. 94, 45 N. E. 377; Wehle v. Accident Ass'n, 153 N. Y. 116, 47 N. E. 35, 60 Am. St. Rep. 598. In the case at bar there was no retention of the notice of injury nor of the proofs of loss without objection. The claim was rejected. The plaintiff admits this in his letters, and complains of that fact. The claim made by the plaintiff, that a waiver is shown by an unreasonable delay to examine his body, after notice of the injury, and therefore estops the defendant, does not apply in this case. The case cited (153 N. Y. 116, 47 N. E. 35, 60 Am. St. Rep. 598) relates to the examination of a dead body, to ascertain the cause of death. The only question in the case at bar is, must the extent of the injuries to the plaintiff remain as fixed by his proofs of loss? It is very doubtful whether he demanded any other or additional compensation after that time, before the commencement of this action. An insurance contract must be enforced like any other contract. A recent case in our own department (Hagadorn v. Accident Ass'n, 59 App. Div. 321, 69 N. Y. Supp. 831) carefully discusses the subject of waiver; citing the case of Walker v. Insurance Co., 156 N. Y. 632, 51 N. E. 392. See Gibson Electric Co. v. Liverpool & L. & G. Ins. Co., 159 N. Y. 418, 54 N. E. 23. If the facts in this case warranted such a conclusion, this court would be very glad, indeed, to affirm this judgment; but it is pretty difficult for the court to see how that can be done, and have the verdict sustained in the higher courts.

I have reached the conclusion that this action cannot be sustained for the full amount of the plaintiff's recovery. Holding this view, I must direct that, in case the plaintiff will stipulate to reduce his recovery to the sum of $10 and interest thereon from the time the cause of action accrued to the date of the verdict, the judgment may stand for that amount; otherwise the verdict of the jury must be set aside, and a new trial granted, with the costs of this motion to the defendant to abide the event of the action.

Ordered accordingly.