STEPHEN M. HOYE, Respondent, *v.* PENNSYLVANIA RAILROAD COMPANY, Appellant, Impleaded with Another.

1. COMMON CARRIER — INJURY TO PROPERTY IN TRANSITU — COMMON-LAW LIABILITY OF CARRIER — BILL OF LADING — STIPULATIONS LESSENING LIABILITY OF COMMON CARRIER — NOT CONDITIONS PRECEDENT TO RIGHT OF RECOVERY FOR LOSS OR DAMAGE. While, under the common law, common carriers are liable for an injury resulting to property through the negligence of their employees while in the course of transit, they may be permitted to relieve themselves of the strict common-law liability by inserting reasonable provisions in the bill of lading limiting their liability, but such provisions, being in derogation of the common law, must be strictly construed and are not to be considered conditions precedent to a right to recover unless it clearly appears that such was the intent or it is so specifically stated.

2. SAME — PROVISION IN BILL OF LADING REQUIRING NOTICE OF LOSS OR DAMAGE WITHIN FIXED TIME AFTER DELIVERY OF PROPERTY BY CARRIER — SUCH PROVISION IS A LIMITATION UPON RIGHT TO RECOVER AND MUST BE PLEADED AS A DEFENSE. A provision, in a bill of lading, that the carrier should not be liable for loss or damage to the property therein mentioned unless a claim therefor be made in writing within thirty days after the delivery of the property to the consignee, or after due time for the delivery thereof, is not a condition precedent to the consignee's right to recover for damage to property while in transit but is a limitation of the claimant's common-law right of recovery and is, therefore, a matter of defense which must be pleaded by the common carrier in an action for loss or damage to property while in transit.

*Hoye* v. *Pennsylvania R. R. Co.*, 114 App. Div. 821, affirmed.

(Argued January 24, 1908; decided January 31, 1908.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered August 13, 1906, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Norman B. Beecher* for appellant. The Appellate Division erred in holding that the failure of the plaintiff to present his claim within the period prescribed by the bill of lading could not be raised by the defendant, because such omission was not pleaded in the answer. (*Frey* v. *N. Y. C. & H. R. R. R. Co.*, 114 App. Div. 747; *Johnson* v. *M., K. & T. Ry. Co.*, 107 App. Div. 375; *Jennings* v. *G. T. Ry. Co.*, 127 N. Y. 438; *Smith* v. *Dinsmore*, 9 Daly, 188; *Hirshberg* v. *Dinsmore*, 12 Daly, 429; *Bush* v. *I. R. T. Co.*, 187 N. Y. 388; *Springer* v. *Westcott*, 78 Hun, 365; *Quinn* v. *P. R. R. Co.*, 114 App. Div. 663; *Osterhoudt* v. *S. P. Co.*, 47 App. Div. 146; *The Queen of the Pacific*, 180 U. S. 49.)

*Stephen M. Hoye* and *I. R. Oeland* for respondent. It was not necessary for the plaintiff to show compliance with the provision of the receipt as to presentation of claim for loss or damage. (*Dorr* v. *N. J. S. N. Co.*, 11 N. Y. 485; *N. Y. Co.* v. *Central R. R. Co.*, 70 U. S. 112; Hutchinson on Carriers [3d ed.], § 448; *Westcott* v. *Fargo*, 63 N. Y. 542; *Galloway* v. *E. R. R. Co.*, 107 App. Div. 210; *Ry. Co.* v. *Harris*, 67 Tex. 166; *Mynard* v. *S. R. R. Co.*, 71 N. Y. 180; *Nicholas* v. *N. Y. C. & H. R. R. R. Co.*, 89 N. Y. 370; *Magnin* v. *Dinsmore*, 62 N. Y. 35; *Lowenstein* v. *Lombard*, 164 N. Y. 324; *S. T. Co.* v. *Wells, Fargo & Co.*, 81 App. Div. 426; *Isham* v. *E. R. R. Co.*, 112 App. Div. 612.)

Haight, J. This action was brought against the Pennsylvania Railroad Company and the Westcott Express Company

to recover damages alleged to have been suffered by the plaintiff by reason of the destruction of a set of forty-cell storage batteries during transportation, which were shipped by the National Motor Vehicle Company at Indianapolis, Indiana, by the Pennsylvania Railroad Company to the plaintiff in the city of New York.

The evidence tends to show that, upon the arrival of the batteries in New York at the foot of Leight street the Pennsylvania Railroad Company notified the plaintiff by telephone and thereupon he procured the Westcott Express Company to get the property and deliver it to him; that when the batteries were received it was found that they had been turned upside down and the electrolite allowed to escape therefrom, causing the batteries to sulphate and become worthless. There was also evidence tending to show that the excelsior in which the batteries were packed had turned black and was perfectly dry, from which the inference is drawn that the batteries were overturned and the electrolite permitted to escape some days before their arrival in New York. The defendant, the Pennsylvania Railroad Company, in its answer, after denying various allegations of the complaint, for its first separate defense alleged, upon information and belief, " that on or about the first day of May, 1903, the National Motor Vehicle Company of Indianapolis, Indiana, delivered to the Pennsylvania Company certain storage batteries, which it believes to be the batteries referred to in the complaint; that said batteries were consigned to the plaintiff at New York city and were shipped subject to the provision of a certain written and printed instrument known as a shipping receipt or bill of lading, wherein and whereby it was expressly agreed by and between the parties thereto on behalf of the plaintiff and the Pennsylvania Company and on behalf of all subsequent carriers that no carrier or party in possession of all or any of the property herein described shall be held liable for any loss thereof or damage thereto by causes beyond its control. * * * Or by leakage, drainage, chafing, loss in weight, changes in weather, heat, frost, sweat

or decay." And for a second separate defense, that by the terms of the bill of lading or shipping receipt it was expressly agreed that "no carrier should be liable for loss or damage not occurring on its own road or its portion of the through route." At the conclusion of the plaintiff's case upon the trial, the counsel for the Pennsylvania Railroad Company moved to dismiss the complaint upon various grounds, among which it was insisted that there was no evidence of a claim in writing made by the plaintiff and delivered to the Pennsylvania Railroad Company within thirty days, as required by the bill of lading. The motion was denied and an exception taken. The trial then proceeded, the Westcott Express Company producing evidence upon which, at the conclusion of the trial, the court directed a nonsuit as to it, the Pennsylvania Company submitting no evidence. The case was then submitted to the jury as to the liability of the Pennsylvania Company, and a verdict was rendered in favor of the plaintiff.

The bill of lading contained the following provision : " Claims for loss or damage must be made in writing to the agent at point of delivery promptly after arrival of the property, and if delayed for more than thirty days after the delivery of the property or after due time for the delivery thereof, no carrier herein shall be liable in any event." It must be conceded that no evidence was submitted on behalf of the plaintiff showing a compliance with this requirement. It also appears that, while the Pennsylvania Company set forth in its answer as separate defenses the provisions of the bill of lading therein referred to, it did not allege as a defense the provision upon which the motion to dismiss was based. We have, therefore, squarely presented the question as to whether this provision of the bill of lading should be set forth in the defendant's answer as a defense, or as to whether compliance with it should be established by the plaintiff as a condition precedent to his right to recover.

At common law common carriers were liable for an injury resulting to property through the negligence of their employees while in course of transit. Until recently, however, they

have been permitted to relieve themselves, to some extent, from the strict liability of the common law by inserting reasonable provisions in the bill of lading limiting their liability. It would, therefore, follow that the Pennsylvania Company in this case would be liable for the damages sustained by the plaintiff were it not for the provision upon which the motion was based, and for the purpose of this case we shall assume, but without deciding it, that the provision was a reasonable one, and that it was the duty of the plaintiff to comply therewith. The plaintiff had submitted evidence tending to establish his cause of action under the requirements of the common law. The provisions of the bill of lading being in derogation of the common law are to be strictly construed, and are not to be considered as conditions precedent to a right to recover unless it clearly appears that such was the intent, or it is so specifically stated. In Hutchinson on Carriers (3d ed. § 447) it is said that: " It has been held that a stipulation in the contract of shipment requiring the owner of the goods to present a notice of his claim to the carrier within a specified time after the goods have arrived at their destination is in the nature of a condition precedent to the owner's right to enforce a recovery, and that he must show in the first instance that he has complied with the condition, or that the circumstances were such that to have complied with it would have required him to do an unreasonable thing. The weight of authority, however, sustains the view that such a stipulation is more in the nature of a limitation upon the owner's right to a recovery, and that the burden of proof is accordingly on the carrier to show that the limitation was reasonable and that the owner omitted to present the notice in proper form or within the time stated." This is a statement of the precise conflict between our own courts upon the subject.

In the case of *Westcott* v. *Fargo* (61 N. Y. 542) a receipt had been given by an express company which contained a clause to the effect that the company would not be liable for loss or damage to property unless the claim therefor was made in writing within thirty days from the accruing of the

cause of action.   It was held that the clause was not in the nature of a condition precedent to plaintiff's right to recover, as it assumes the existence of a cause of action which has accrued, but was in the nature of a limitation, and could not be availed of upon trial unless set up in the answer.

·In the case of *Osterhoudt* v. *So. Pacific Co.* (47 App. Div. 146) it was held that the defendant was not obliged to plead in its answer the plaintiff's non-compliance with such a provision of the bill of lading in order to take advantage thereof, as such provisions are conditions precedent to the defendant's liability, compliance with which must be pleaded or proved by the plaintiff and are not in the nature of a Statute of Limitations.   This conclusion was reached by the learned Appellate Division upon a deliberate consideration of the case of *Westcott* v. *Fargo (supra)*, in which it was claimed that the provision of the bill of lading assumed the existence of a cause of action, and for that reason it held that it was distinguishable from the case which it had under consideration.   The only difference that we discover between the bill of lading in the *Westcott* case and that under consideration is, in that case the thirty days commenced to run from the time of "the accruing of the cause of action;" while in this case it is from the date of the delivery of the property.   Upon the delivery of the property the damage was first discovered by the plaintiff, and at that time a cause of action accrued in his favor against the defendant under the common law.   True, the provision is not an admission that the defendant had caused the injury to the property.   That must be established in the usual way.   This was equally true of the *Westcott* case.   The provision of the bill of lading was not treated as an admission of the cause of action.   The plaintiff had to submit evidence · showing his right to recover.   The provision "within thirty · days from the accruing of the cause of action" had reference to the time when the plaintiff's right to commence the action commenced to run.   The *Westcott* case has been criticised in this court recently with reference to the provision limiting the right to recover to $50.   (*Tewes* v. *North Ger. Lloyd*

*S. S. Co.*, 186 N. Y. 151.) But no criticism was made with reference to the conclusion reached on the question under consideration. This case is distinguishable from cases in which the right of action has been created by statute, or cases against municipalities in which the statute has provided for notice of claim to be presented for audit as a condition precedent to a right to recover.

Our conclusion is that inasmuch as the plaintiff's right to recover existed at common law, the limitations embraced in the bill of lading are to be treated as matters of defense.

None of the other questions discussed by the appellant's counsel require further mention. They are disposed of by the unanimous affirmance of the Appellate Division.

The judgment should be affirmed, with costs.

CULLEN, Ch. J., GRAY, WERNER, WILLARD BARTLETT and CHASE, JJ., concur; VANN, J., not sitting.

Judgment affirmed.