13546.  UNITED STATES LLOYDS INCORPORATED *v.* SAVANNAH MARMON AGENCY.

As to notice and statement of loss by the insured, the allegations of the plaintiff's petition were not sufficient, as against the special demurrer.

DECIDED FEBRUARY 21, 1923.

Action on insurance policy; from Chatham superior court — Judge Meldrim.  April 4, 1922.

*Travis & Travis,* for plaintiff in error.

*Simon N. Gazan, Bouhan & Herzog,* contra.

LUKE, J. The insurance policy sued upon, as set out in an exhibit attached to the petition, contains the following provisions: " In the event of loss or damage, the assured shall forthwith give notice thereof in writing to this company or the authorized agent who issued this policy, and shall protect the property from further loss or damage; and within 60 days thereafter, unless such time is extended in writing by this company, shall render a time and cause of the loss or damage, the interest of the assured, and of all others in the property. . . It is a condition of this policy that failure on the part of the assured to render such sworn statement of loss to this company within 60 days of the date of loss (unless such time is extended in writing by the company) shall render such claim null and void." The petition as finally amended alleged: " On October 1, 1920, said automobile was destroyed by fire in Chatham county, Georgia, without fault, knowledge or consent of petitioner or of any usee or beneficiary under the said policy. At the time of said loss the policy was in force and a valid and subsisting contract of fire insurance. When said loss occurred petitioner forthwith, that is to say immediately, upon learning of said fire, gave notice thereof to its agent of said loss. Within 60 days petitioner gave a statement of loss and proof thereof to the defendant, and has otherwise complied with and performed the conditions of said policy. The plaintiff submitted an affidavit of loss on November 10, 1920, to E. L. Goodman as agent of the defendant, and also to Appleton & Cox, agents and attorneys for the defendant at 3 South William street, New York City; . . subsequently, on December 4, 1920, an affidavit of loss was sent to United States Lloyds Inc., 3 South William street, New York City; . . after said proof was submitted, same having been accepted and retained by the company, the defendant company placed the claim in the hands of its adjuster, C. I. Mell, of Augusta, Georgia, who investigated the claim for and in behalf of the defendant." To this allegation as to the furnishing of proofs of loss the defendant interposed special demurrers, to the effect that neither of the alleged affidavits of loss was attached as an exhibit to the petition, nor was their substance set forth; nor was it shown that the affidavits, or either of them, were made by the assured or by whom; nor was it alleged that the affidavits, or either of them, set forth the time and cause of the loss or dam-

age, or the interest of the assured and all others in the property; nor was it alleged that the affidavits, or either of them, complied with the conditions of the policy sued upon.

· The majority of the court are of the opinion that the special demurrers referred to above should have been sustained, and that the lower court committed reversible error in overruling them. The writer thinks otherwise.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur. Luke, J., dissents.*