## THE GENERAL G. W. GOETHALS.

### MERCANTILE BANK OF THE AMERICAS, Inc., v. PANAMA R. CO.

(District Court, S. D. New York. April 27, 1923.)

1. **Shipping ☞132(2)—Compliance with conditions precedent stated in bill of lading should be alleged.**

   Under admiralty rule No. 22, compliance with conditions precedent to right of recovery stated in bill of lading should be alleged.

2. **Shipping ☞142—Libelant could not recover without showing compliance with conditions stated in bill of lading.**

   Libelant, suing for loss of goods shipped under bill of lading requiring demand for damages within 10 days after delivery, and providing that all claims for damages be made in presence of agent of company having them in custody before removed from station or wharf, cannot recover without showing compliance with such provisions.

3. **Shipping ☞140—Waiver of conditions precedent stated in bill of lading is question of intention.**

   Question of whether compliance with conditions precedent to right of recovery stated in bill of lading has been waived is one of intention.

Decree affirmed. 298 Fed. 935.

Bigham, Englar & Jones and Henry B. Potter, all of New York City, for libelant.

Richard Reid Rogers, of New York City, for claimant.

WARD, Circuit Judge. December 14 and 15, 1917, the Asociacion de Agricultores del Ecuador shipped two consignments of cocoa "to order notify to Mercantile Bank of the Americas, Inc., at New York," on a through bill of lading on the steamship Guatemala at Guayaquil, Ecuador, to be carried to the port of Colon, and there to be transported by a steamer of the Panama Railroad Steamship Line to the port of New York. The libelant charges that the goods were delivered at Colon to the steamer General G. W. Goethals in good order and condition, but were delivered by her at New York damaged by sea water through the negligence of the owners and charterers of the steamship and through her own unseaworthiness.

The answer denies any knowledge or information sufficient to form a belief whether the shipments were other than in apparent good order and condition and denies that they were damaged through any unseaworthiness of the steamship or negligence of her owners or charterers, and for a first defense:

"That by the terms of each of the bills of lading under which the shipments referred to in the libel were shipped it was provided that no carrier or the property of any should be liable for any loss or damage arising from weather, acts of God, accidents to machinery, or any latent defect in hull, machinery, or appurtenances, or unseaworthiness of the ship even existing at the time of shipment or sailing on voyage, provided the owners should have exercised due diligence to make the vessel seaworthy, or for straining or any accident on or perils of the seas, and that if the damage complained of occurred while

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

said goods were on the steamship General G. W. Goethals (which, however, on information and belief is herein denied), it must have arisen and did arise from one or more of the foregoing causes."

And for a second defense:

"That by the terms of the aforesaid bills of lading it was provided that negligence should not be presumed against any carrier under said bills of lading, and that no liability should exist therefor without actual and affirmative proof thereof."

At the opening of the case counsel for the claimant asked leave to amend the answer by setting up the following clause of the bill of lading:

"6. * * * All claims for damage to goods must be made, and the nature and extent thereof fully disclosed, in the presence of the agent of the company, having the same then in custody before they are removed from the station or wharf. Unless written demand for damage shall be made upon the carrier liable therefor, or upon the carrier which actually delivered the goods, within ten days after delivery, all claims for damage shall be taken to have been waived, and no suit shall thereafter be maintainable to recover the same. No agent or employee shall have authority to waive such demand."

This motion was denied on the ground that, if the requirements of the clause were a condition precedent, the libelant could not recover without proving compliance with them, and, if it were not a condition precedent, I would not allow the claimant to set it up more than five years after the shipment and more than three years after the libel was filed.

The claimant admitted that the libelant could produce witnesses to prove that it was and is the lawful owner of the bill of lading and of the merchandise and entitled to the delivery thereof, and also that the shipments were damaged by sea water. Such a clause as the one in question has been construed to be not a condition precedent, but a limitation, by the Court of Appeals of New York in Hoye v. Pennsylvania R. R. Co., 191 N. Y. 101, 83 N. E. 586, 17 L. R. A. (N. S.) 641, 14 Ann. Cas. 414, following the earlier case of Westcott v. Fargo, 61 N. Y. 542, 19 Am. Rep. 300, but the Supreme Court in Express Co. v. Caldwell, 21 Wall. at page 271 (22 L. Ed. 556), expressly disapproved of a similar decision in Southern Express Co. v. Caperton, 44 Ala. 101, 4 Am. Rep. 118.

[1, 2] It is true that such clauses are generally pleaded in the answer, but, if they are conditions precedent to the right of recovery, then whether pleaded or not pleaded the libelant cannot recover without showing compliance. Proper practice under admiralty rule 22 required it to allege compliance, just as similar conditions precedent must be pleaded in bills in equity; e. g., that an invention had not been patented or described in any printed publication before the date of the invention, or that the plaintiff was the original inventor. Street's Federal Equity Practice, §§ 200, 202. However, the claimant is not injured by this omission in pleading, because I hold that the libelant cannot recover without making proof of compliance with this clause of the bill of lading. The question has been completely set at rest in this circuit in The Persiana, 185 Fed. 396, 107 C. C. A. 416;

The San Guglielmo, 249 Fed. 588, 161 C. C. A. 514; The Verdi (C. C. A.) 282 Fed. 572.

[3] The libelant suggests that the claimant's letter of April 1, 1918, in reply to its letter of March 26 implies a waiver of the condition. This latter letter is not produced, and there is nothing to show any intention of the claimant to waive its original refusal to recognize the libelant's claim. It is a question of intention. Lehigh Valley R. R. Co. v. Ins. Co., 172 Fed. 364, 97 C. C. A. 62. The wording of the clause in the cases cited differs, but the substance is the same or perhaps stronger, viz. that unless demand in writing for the damage be made on the carrier "liable therefor" within 10 days after delivery, all claims for damage shall be taken to have been waived and no suit shall be maintainable to recover the same.

There is accordingly no occasion to consider other points elaborated by counsel, such as whether the scupper which admitted the sea water broke because of unusual weather conditions, whether it should have been supplied with a clapper valve, and whether the claimant exercised due diligence to make the vessel seaworthy, because even if the libelant were right on all these points it could not recover.

The libel is dismissed.