THE SAN GUGLIELMO.

(Circuit Court of Appeals, Second Circuit. March 13, 1918.)

Nos. 199-201.

1. SHIPPING ⬉142—DAMAGE TO CARGO—NOTICE OF CLAIM.
    Where a bill of lading declared that the steamship owner should not be liable for any loss or damage or claim of which notice was not given before removal of the goods, it was not sufficient that the attention of the captain in one case, and of persons on the wharves directing or supervising the discharge of the cargo in another, was called to the fact that goods were damaged, for, if that were allowed, loose talk of truckmen would be enough to defeat the exception.

2. SHIPPING ⬉142—DAMAGE TO CARGO—NOTICE OF CLAIM.
    Though a bill of lading declared that the steamship owner should not be liable for any claim of which notice was not given before removal of the goods, consignees, who removed part of the goods without notice, may recover for damage to other goods, which were left on the wharf and later were destroyed by the board of health.

3. SHIPPING ⬉132(5)—ACTIONS—EVIDENCE—SUFFICIENCY.
    Evidence held insufficient to show that one of several libelants, who asserted injuries to a shipment of goods, gave detailed particulars of his claim as required by the bill of lading, but to warrant a finding that no such particulars were given.

    Hough, Circuit Judge, dissenting.

---

⬉For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeals from the District Court of the United States for the Southern District of New York.

Libel by Jacob A. Kirsch against the steamship San Guglielmo, etc., claimed by Pierce Bros., Incorporated, together with libels by Nathan Kronman & Co. and P. Pastene & Co., Incorporated, against the same vessel. From decrees for libelants (241 Fed. 969), claimant appeals. Modification of decrees directed.

Kirlin, Woolsey & Hickox, of New York City (M. W. Maclay, Jr., and John M. Woolsey, both of New York City, of counsel), for appellant.

Henry L. Franklin, of New York City (Frank V. Barns, of New York City, of counsel), for appellees.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

WARD, Circuit Judge. These are suits in admiralty by consignees of various shipments of garlic, peppers, and oregano in baskets and tomatoes in cans by the steamer San Guglielmo from Naples to New York, receipted for in the bill of lading as in apparent good order and condition, but delivered damaged. The libel alleged that the damage was due, not to perils excepted in the bill of lading, viz. heating, * * * decay, * * * sweat, * * * or any loss arising from the nature of the goods," but to negligent stowage, and particularly to want of proper ventilation for the large quantity of the goods carried in deep tank No. 4.

[1, 2] The answer denied these allegations and attributed the damage to vice propre and also relied upon the following clause in the bill of lading:

"5. Also that the steamship owner shall not be liable * * * for any claim, however arising, of which notice is not given before removal of the goods and amount and particulars of claim given within eight days after receipt of goods."

Libelants removed some of the goods and left some on the wharf, which were afterwards destroyed by the board of health. Kirsch and Pastene made detailed claim within eight days after removal upon the managers and general agents of the steamer, but Kronman failed to prove any detailed claim. Judge Mayer found that the libelants had sustained the burden which lay upon them, in view of the exceptions in the bill of lading, of proving that the damage had been caused by negligent stowage and lack of proper ventilation, and we agree with him.

He also held that the libelants Kirsch and Pastene had made claim before removal of the goods, because the attention of the captain in one case, and of persons on the wharf directing or supervising the discharge of cargo in the other, was called to the fact that the goods were damaged. We think this no proof of making claim. Loose talk of truckmen would be enough to defeat the exception. It seemed to the District Judge, however, to satisfy our ruling in the case of The Persiana, 185 Fed. 396, 107 C. C. A. 416. The provision in that case was weaker than the one under consideration, in that it only called for notice of damage, viz. that the owners should not be liable "for any

damage to any goods * * * notice of which is not given before the removal of the goods." The District Judge held (156 Fed. 1019, 1021) that the libelants "gave notice as soon as they learned of the damage and of the damage which was already known to the claimants or their agents, and did this while the vessel was still unloading." The bill of lading in this case expressly requires notice of claim for the damage which necessarily extends and goes beyond notice of damage. Still we held in The Persiana that it must be given before removal, even if the carrier already had knowledge of the damage. The stipulation was a part of the contract, and the libelants could not recover without showing compliance with it. The fact that the carrier knew of the damage did not alter the case.

The District Judge applied to this case the reasoning which was overruled in The Persiana. He said:

"It would certainly involve a technical construction beyond all reasonable limits to say that this provision in the bill of lading placed upon the consignee the duty of giving some kind of formal notice in formal language to the appropriate representatives of the vessel or its owners. Of course, there may be many instances where it may be claimed that a few boxes or bales of a shipment were damaged, while the great bulk of the shipment is in good condition, and, in such cases, a casual observation by a consignee or his agents or employés to some minor employé of the steamship owners would not be compliance with this provision of the bill of lading. That, however, is not this case. The talks of Kirsch and the drivers of Kronman and Pastene were respectively with the captain of the vessel and the superintendent of the steamship company, and concerning goods known without question by these men to be in bad condition. The fact that the captain and the superintendent answered indifferently is a matter of no consequence. It seems to me that the conversations, as related in the record in all the circumstances there disclosed, constituted the notice required by the bill of lading, and any other conclusion would make a mockery of this provision and torture it into an instrument for the most indefensible kind of evasion by technicality, instead of a fair and reasonable protection to the shipowner."

The Circuit Court of Appeals for the Third Circuit in The St. Hubert, 107 Fed. 727, 46 C. C. A. 603, and The Westminster, 127 Fed. 680, 62 C. C. A. 406, and for the Fifth Circuit in Unione Austriaca, etc., v. Leon G., 231 Fed. 427, 145 C. C. A. 421, has construed this precise clause in exactly the same way as we have done, viz., as a condition precedent requiring notice of claim, failure to comply with which defeats recovery. In the case of The Queen of the Pacific, 180 U. S. 49, 21 Sup. Ct. 278, 45 L. Ed. 419, decided before any of the foregoing cases, a similar construction was applied to a stipulation in a bill of lading that claims for damage to merchandise must be presented within thirty days from the date of the bill of lading. There the vessel within 2 days from that date filled, sank, and lay in a helpless condition for 3 days, so that the fact of damage must have been known to the owners. The court observed that the provision might not reasonably apply to foreign voyages because the damage could well occur more than 30 days after the date of the bill of lading, and, whether it did or not, without knowledge of the goods owner of the fact until after that time.

We cannot alter the contract of the parties because the result seems to be hard, but we should construe it strictly in favor of the goods

owner. For this reason we agree with the District Judge that it only applies when he removes the goods. For such of the goods left by the libelants on the wharf as were destroyed by the board of health, and for such only, they are entitled to recover.

[3] The libelant Kronman attempted to prove detailed notice of his claim by a carbon copy of a letter addressed to the claimant's agents and the course of business in his office as to the mailing of letters. The clerk whose duty it was to mail letters was not in libelant's employment at the time of trial, and her address was not known. On the other hand, the claimant produced the detailed claim of the other libelants, proved the course of business as to opening and filing letters received, and proved that no such letter was in its files. The District Judge quite correctly held that this proof was more convincing than was the libelant's.

The court below is directed to modify the decrees in accordance with this opinion.

HOUGH, Circuit Judge (dissenting). The point insisted on by the majority seems to me most frankly put in The Westminster, 127 Fed. 681, 62 C. C. A. 406, where it is said:

"The notice stipulated for is not of the fact of damage, * * * but of the intent to hold the carrier liable for it, which, on failure to give notice, the latter, in view of the stipulation, may well regard as being waived."

Taking cognizance of the methods, and the only possible methods, of receiving most cargo from most ships (and the San Guglielmo in particular), the majority hold in substance that a shipper's right to recover for obviously damaged cargo depends on whether a carter or driver is able nicely to distinguish between notice of fact of damage, and notice of claim for damage. If he takes away the goods without using the correct legal formula, his employer's rights are gone.

From this doctrine and the decision applying it I dissent, believing that the only justification for the attempted limitation of carrier's liability is that the carrier is reasonably entitled to knowledge of demands that may be made; more than that is unreasonable. Nor do I think that The Queen of the Pacific, supra, requires or supports the present ruling. The test of reasonableness is there laid down, and that criterion, if applied here, would result in affirmance of decree.