## THE LAKE GAITHER.

Circuit Court of Appeals, Second Circuit.
May 7, 1928.

No. 283.

Shipping �köö142—Claim for misdelivery to one not presenting bill of lading held within 90-day limitation of bill of lading.

Claim for misdelivery of goods to one not presenting or surrendering bill of lading *held* within 90-day limitation in bill of lading, requiring written notice in case of nondelivery of consignment within 10 days after final discharge to be made 90 days after shipment.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by Jacob Ringle & Son, Inc., against the steamship Lake Gaither, her engines, etc., claimed by the Western Reserve Navigation Company. Decree of dismissal (21 F.[2d] 83), and libelant appeals. Reversed.

Appeal from the District Court of the United States for the Southern District of New York, in Admiralty.

The libelant shipped goods on the steamship Lake Gaither from New York to Miami under a bill of lading to order of the shipper. The libel, which was brought within 90 days after shipment, charged misdelivery of the goods to one who did not present or surrender the bill of lading. It was dismissed on the sole ground that the libelant had failed to prove compliance with a clause in the bill of lading requiring notice of claim. Reversed.

Larkin, Rathbone & Perry, of New York City (Burlingham, Veeder, Masten & Fearey, of New York·City, of counsel), for appellant.

Kirlin, Woolsey, ·Campbell, Hickox & Keating, of New York City (L. De Grove Potter, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge. The clause of the bill of lading relating to notice reads as follows:

"11. * * * Neither the carrier nor the ship shall be liable in any event for any claims arising under this bill of lading unless it shall receive written notice thereof with a full statement of particulars before the removal of the goods or the portion thereof delivered, *or* in case of nondelivery of the entire consignment within ten days after the final discharge of the vessel, or loss of or damage thereto, preventing such discharge, *nor* for any other claim or demand arising hereunder or in connection with the goods, unless presented in writing to the carrier within ninety days after shipment. * * * *"

We have italicized two words, "or" and "nor," in the above quotation, because for reasons hereinafter stated we think the clause should be read with those two words interchanged.

It was assumed in the trial below and on the argument on appeal that this clause provided for a notice of claim within 10 days after the final discharge of the vessel, and it was argued by the appellant (1) that such requirement should not be construed to apply to a misdelivery; (2) that, if it did apply, the carrier was not entitled to rely upon it because his misdelivery was a conversion; and (3) that in any event the 10-day requirement was so unreasonable as to be void. In the view we take, it is unnecessary to consider any of these questions.

The clause is divided into two parts. One concerns a written notice of claims before the goods are removed; neither the carrier nor the ship shall be liable for any claim, "unless it shall receive written notice thereof * * * before the removal of the goods or the portion thereof delivered." The other concerns written notice where the goods have not been removed; "or in case of nondelivery * * * unless presented in writing to the carrier within 90 days after shipment." The purpose of both parts, taken together, is to compel the claim to be made before removal, when the goods are delivered, and to fix a time based upon the date of shipment, not of discharge, if they are not delivered. This purpose would be expressed without ambiguity, were the italicized words in the above quotation interchanged. Not infrequently, in construing statutes and other writings, courts have read the word "or" in the sense of "nor," and the word "nor" in the sense of "or," when necessary to carry out what was believed to be the evident meaning of the whole document. Folmsbee v. City of Amsterdam, 142 N. Y. 118, 36 N. E. 821; Lillis v. United States, 190 F. 530 (C. C. A. 9); Maylone v. City of St. Paul, 40 Minn. 406, 42 N. W. 88; Reed v. Longstreet, 71 N. J. Eq. 37, 63 A. 500. Cf. Manson v. Dayton, 153 F. 258 (C. C. A. 8).

To construe the clause as requiring a 10-day notice of claims based on nondelivery would require changes in punctuation and the interpolation of words, so that it should read as follows; the interpolations being in italics:

"Or, in case of nondelivery of the entire consignment, *unless it shall receive a written notice of claims* within ten days after the final discharge of the vessel, or *within ten days after* loss of or damage thereto, preventing such discharge, nor *shall it be liable* for any other claim or demand arising hereunder or in connection with the goods, unless presented in writing to the carrier within ninety days after shipment."

Now the loss of or damage to the cargo preventing discharge might occur at the outset of the voyage, as, for example, by fire or improper jettison, and it would be absurd to construe the clause to require the shipper to give notice within 10 days after such an event, of which he can have no knowledge. It is unreasonable only in a lesser degree to construe it so as to require the shipper to keep track of the date of final discharge. On the other hand, to fix the notices provided for by the date of removal of the goods, or by the date of shipment in case of nondelivery, is entirely reasonable.

We are satisfied that the 10-day limitation does not refer to notice of claims, but to nondelivery within 10 days after the final discharge—just as it reads with the existing punctuation. The result is to provide that a failure to deliver for 10 days can be charged as a nondelivery. Mere delay in delivery is not a nondelivery, and would give damages only for the delay. Suppose that the goods were lost, and the carrier continued honestly to look for them for more than 10 days after the discharge. Without the 10-day limit for delivery, the shipper might not be able to prove any claim for nondelivery until the

carrier gave up the search and acknowledged the loss. Yet, as soon as 90 days from the date of shipment expired, the shipper's claim would be barred. Only by giving the shipper or consignee a right to treat as an absolute nondelivery a failure to deliver for 10 days after discharge, can the 90-day clause give the shipper or the consignee any fair opportunity to file its claim at all.

Believing that the clause has been misinterpreted, we find it necessary to reverse the decree; and it is so ordered.