88

## DUCHE et al. v. BROCKELBANK et al.

District Court E. D. New York.
Nov. 26, 1929.

Harry D. Thirkield, of New York City, for libelants.

Lord, Day & Lord, of New York City (Charles W. Merritt, of New York City, of counsel), for respondents.

INCH, District Judge.

Libelants bring this suit to recover damage to 7 bags of gum arabic injured by contact with sea water while on board respondent's steamship on a voyage from Port Sudan, Africa, to New York. The steamship arrived March 26, 1926. The bags in question, with others, were delivered to libelant. A day or so after receipt of the goods libelant sent a letter (Libelant's Exhibit 1) in which they call attention to the damage to these bags in their possession, and state that "it will be necessary for us to file a claim covering the value of same."

A few days afterwards the respondent, Cunard Steamship Company, answered this letter (Libelant's Exhibit 2) in which, among other things, they say "we therefore regret our inability to entertain any claim in this connection."

This letter expressly states it is "without prejudice to the terms and conditions of the covering bill of lading."

While the amount is small both counsel raise certain technical questions.

There is no question raised about the merits, or the right of libelant to recover, if libelant has complied with its contract. There also is no question but that respondents knew of the damaged character of the bags before they were delivered to libelant.

In spite of this, and in accordance with the law of this circuit, I do not think libelant can recover.

■ The letter from libelant to respondents (Libelant's Exhibit 1) would seem to me, particularly in view of the answer of respondent (Libelant's Exhibit 2), sufficient within the cases which require that "the notice shall be not merely of damage, but of intention to claim payment of damage." Fiorita v. Cunard Co. (D. C.) 10 F.(2d) 244, 245. The Commercial Guide (D. C.) 24 F.(2d) 868.

Mere notice of damage may not be sufficient but as Judge Learned Hand says, "the two may shade into each other, but they are quite distinct." Anchor Line v. Jackson (C. C. A.) 9 F.(2d) 543, 545. Such a shading apparently occurred in The Cornelia (D. C.) 15 F.(2d) 245.

■ The next question raised is, what was the contract? It seems that the shipment went on board at Port Sudan, Africa, and a bill of lading was given at that place. Libelant's Exhibit 3. This bill of lading states on the margin "subject to all clauses and conditions of Brockelbank's Cunard Service Bill of Lading."

While this reference may be somewhat confusing, owing to the fact that Brockelbank had also a form used in India, I think it is reasonable to hold that whatever reference is intended is to the Brockelbank's Cunard service bill of lading in use in Port Sudan, Africa, where this shipment started.

This being so, both the Brockelbank bill of lading and the covering bill of lading are practically the same in the requirement that "no claim for damage will be admitted unless notified in writing before the goods are removed," "at the port of discharge," or "taken receipt of."

This brings us to the final question. Respondents claim that although the goods was damaged by them and they knew about it in advance, yet, because libelant failed to notify them in accordance with the contract prior to taking possession of the merchandise, the libel must be dismissed.

There is no question but that libelant did so fail, but it claims that the respondent knew that they were delivering damaged

goods to them. Knowledge is not the same here as the affirmative act of notice. In this circuit, I think the contention of respondents is correct. The Persiana (C. C. A.) 185 F. 396. The dissenting opinion in that case of Circuit Judge Coxe sets forth the substance of the argument of libelant. Later came the San Guglielmo (C. C. A.) 249 F. 588, which approved the former case. Finally, The Verdi (C. C. A.) 282 F. 572, 574, where Judge Mayer states, after mentioning these two cases, "but we regard the question as now settled, so far as this court is concerned." And the opinion of Judge Knox in the court below is there set forth and affirmed. This rule would seem also to be the rule of the Ninth Circuit. The Natal (C. C. A.) 14 F.(2d) 382.

Accordingly, as libelant concededly failed to give any notice of any kind until after it had received the goods, it cannot recover.

Libel dismissed.