## E. CERLI & CO., Inc., v. CUNARD S. S. CO.

District Court, S. D. New York.
Oct. 20, 1930.

Bigham, Englar, Jones & Houston, of New York City (by Ezra G. Benedict Fox, of New York City), for libelant.

Lord, Day & Lord, of New York City (by George deForest Lord, of New York City), for respondent.

GODDARD, District Judge.

This is a suit in personam to recover damages for the failure of the respondent to deliver at the port of New York two bales of raw silk which were part of a shipment received at Milan, Italy, by the respondent's agents, from Inn, Mangili, S. A., under a bill of lading issued to the shippers November 30, 1926, providing for carriage from Milan to New York City via Havre and Southampton, England. The bill of lading provided that the 92 bales were "to be sent forward by Steamer and/or Rail to LeHavre for carriage to Southampton where the goods will at the expense of the Cunard Steamship Company, Ltd., but at Merchant's risk, be discharged and/or stowed either on shore or afloat and transported by land or water by any conveyance, and reshipped by the Steamer 'Berengaria' (or any other steamer) for New York * * * to be delivered * * * at the port of New York unto order of Messrs E. Cerli & Co., Inc."

Respondent admits that the 92 bales were subsequently at Southampton, England, loaded upon its steamship Berengaria, and that only 90 bales were delivered at New York, these deliveries having been as follows: 38 bales on December 16, 1928; 51 bales on December 17, 1926; and 1 bale on December 22, 1926.

The respondent has set up in its answer two affirmative defenses: (1) That the notice of claim was not given within the period prescribed by the bill of lading; (2) that under the valuation clause in the bill of lading, libelant can in any event only recover the equivalent of 20 sterling for each package which respondent failed to deliver.

The notice of claim clause in the bill of lading reads:

"The carrier is not to be liable * * * nor for any claim for short delivery of, or damage to, the property hereby receipted for, unless notice of such claim is given in writing before the removal of the goods or of such part of the goods as are discharged from the vessel at the port of discharge."

No notice of claim for shortage was given until December 24, 1926, which was two days after the other bales had been removed by the libelant. A notice of claim clause similar to the one in the case at bar has been held reasonable and valid. See Anchor Line v. Jackson (C. C. A.) 9 F.(2d) 543; The General G. W. Goethals (C. C. A.) 298 F. 935, certiorari denied 266 U. S. 610, 45 S. Ct. 94, 69 L. Ed. 466; The Persiana (C. C. A.) 185 F. 396.

It is to be noted that the notice of claim clauses in The San Guglielmo (C. C. A.) 249 F. 588, and in Lehn & Fink Co. v. American-Hawaiian S. S. Co.,[1] 1924 A. M. C. 1054, differed from the clause now under consideration, for this one provides that notice of any claim for shortage or damage must be given before the removal "of the goods or of such part of the goods as are discharged from the vessel. * * *" In the San Guglielmo and the Lehn & Fink Cases, there was no provision to the effect that as to undelivered

[1] No opinion filed.

goods, notice of claim must be given before the removal of such part of the goods as do arrive. The Lake Gaither (C. C. A.) 26 F.(2d) 198, 199, does not apply, for there it was required that the notice of claim as to the undelivered goods must be made within ten days of the discharge of the vessel, instead of upon the removal of the other goods; and Judge Swan stated that:

' "On the other hand, to fix the notices provided for by the date of the removal of the goods, or by the date of shipment in case of nondelivery, is entirely reasonable."

■ The libelant urges that even if this clause was valid, it was waived by the respondent, for when the claim was finally presented to the respondent by the libelant, the respondent rejected it on its merits without reference to the time. In this circuit it has been held that this does not constitute a waiver of the failure to present the claim within the prescribed time. W. R. Grace & Co. v. Panama R. Co. (C. C. A.) 12 F.(2d) 338, certiorari denied 273 U. S. 715, 47 S. Ct. 108, 71 L. Ed. 855; Cudahy Packing Co. v. Munson S. S. Co. (C. C. A.) 22 F.(2d) 898, certiorari denied 277 U. S. 586, 48 S. Ct. 433, 72 L. Ed. 1000; The Texas Maru (C. C. A.) 13 F.(2d) 538, certiorari denied 273 U. S. 736, 47 S. Ct. 244, 71 L. Ed. 866.

The libelant contends that the British "Carriage of Goods by Sea Act" (Parliament of Great Britain, 1924, 14 and 15 Geo V. C. 22) applies because the bill of lading states that, "This contract shall be governed by English law." Without deciding whether the British Carriage of Goods by Sea Act should be given this extra territorial effect, its provisions not being specifically incorporated in the bill of lading, or whether such act was ever intended to apply to a shipment not originating in Great Britain or Northern Ireland, and merely stating that even if such act did apply, I find nothing in it which precludes a carrier from inserting in the bill of lading the notice of claim clause now under consideration. If the question of the amount of damage had been reached, then whether or not the British Carriage of Goods by Sea Act applied would have an important bearing; but as the libelant lost its right to make the claim when it failed to give the steamship company notice of it within the time stipulated in the bill of lading, the discussion as to amount of damage is unnecessary.

Accordingly, the libel must be dismissed.