## UNITED STATES INDUSTRIAL ALCOHOL CO. v. CALMAR S. S. CORPORATION.

District Court, S. D. New York.
July 9, 1931.

1024

Bigham, Englar, Jones & Houston, of New York City (F. Herbert Prem, of New York City, of counsel), for libelant.

Duncan & Mount, of New York City (Frank A. Bull, of New York City, of counsel), for respondent.

KNOX, District Judge.

In Lawrence v. Minturn, 17 How. 115, 15 L. Ed. 58, the Supreme Court, in speaking of the liability of a vessel carrying cargo on deck with the consent of the owner of the goods, had this to say: "As to the argument, that there was negligence in not properly stowing and supporting this burden on deck, we think it is not made out in proof. The master is bound to use due diligence and skill in stowing and staying the cargo; but there is no absolute warranty that what is done shall prove sufficient. * * *" The court also said: "There can be no doubt that a loss by a jettison, occasioned by a peril of the sea, is a loss by a peril of the sea. In that case the sea-peril is deemed the proximate cause of the loss. But if a jettison of a cargo becomes necessary in consequence of any fault or breach of contract by the master or owners, the jettison is attributable to that fault or breach of contract, and not to sea-peril, though that also may be present and enter into the case."

In the case now under consideration, the element of a sea peril is entirely absent. At no time was the force of the wind which preceded the loss of a part of libelant's cargo in excess of 7 on the Beaufort scale. The resulting seas, while they were sufficient to wash the decks continuously and to cause the vessel to roll violently, were only such as reasonably were to be encountered on the voyage. Nevertheless, the stowage of libelant's cargo was broken, not only once but twice, and portions of it washed overboard. When, however, the drums that remained were relashed and given adequate support, no more trouble was experienced. This was so in face of the facts that the seas continued as heavy; and that the vessel continued to roll as violently as upon preceding days of the voyage. Fairly persuasive evidence is then furnished that the stowage originally given the cargo was improper. In an attempted answer to this, reply is made that, considering the number of drums of liquid making up the shipment as it went on board, there was not room on the stern of the vessel to stow all of the cargo, and to give it the security of substantial stanchions and rails. If it be that these latter means of securing the cargo were necessary to its safe transportation, and the ship was unable to supply them for the number of drums shipped by libelant, it was improper to undertake their carriage. Under such circumstances the vessel was not reasonably fit to carry the cargo. See The Silvia, 171 U. S. 462, 464, 19 S. Ct. 7, 43 L. Ed. 241. But, in my opinion, the fault was with the stowage. The drums required a lateral support that was not given them; and this, I think, might easily have been furnished without seriously endangering the steering gear of the ship, or the cargo below decks. The brief of counsel for respondent contains nothing to change the firm belief formed at the trial that loss of a part of the cargo was brought about through a failure to use due skill and diligence in stowing the same.

As for the point raised concerning the notice of claim clause contained in the bill of lading, it is enough to say that it is resolved against respondent on the authority of the decision in The Lake Gaither (C. C. A.) 26 F.(2d) 198.