## THE CHERCA.

### SCHNELL et al. v. NAVIGAZIONE LIBERA TRIESTINA S. A.

#### No. 147.

Circuit Court of Appeals, Second Circuit.

Feb. 1, 1932.

Loomis & Ruebush, of New York City (Homer L. Loomis, of New York City of counsel), for appellant.

Joffe & Joffe, of New York City (Louis Joffe, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

### PER CURIAM.

The only question which it is necessary to consider is as to the notice of claim given by the libelant. The bill of lading contained the following clause: "Notice of any claim * * * must be given in writing by the consignee * * * within 48 hours after the landing of, or failure of the Carrier to deliver, said goods. When the goods are not delivered the time for giving notice shall commence from the date of departure from the port of destination." The cargo was onions which had spoiled on the voyage. Some were thrown overboard before the ship arrived in New York; some were condemned by the board of health upon the wharf; some were carried away. The libelants had notice of the ship's arrival, and were present at the beginning of the outturn, which was completed before January 12th, on which day the ship left the port of destination. No written notice was given until the 18th.

We have repeatedly held valid clauses requiring notice before the goods are removed. The Persiana (C. C. A.) 185 F. 396; The San Guglielmo (C. C. A.) 249 F. 588; Anchor Line v. Jackson (C. C. A.) 9 F.(2d) 543; The Bencleuch (C. C. A.) 10 F.(2d) 49. This is no less stringent a provision than that at bar, certainly when the consignees have notice of, and actually attend, the outturn. Goods must indeed often be removed within forty-eight hours after they are landed. St. Louis, etc., Ry. v. Starbird, 243 U. S. 592, 37 S. Ct. 462, 61 L. Ed. 917, sustained a severer condition, limiting the notice to thirty-six hours after the consignee had had notice of

the arrival of a railway shipment. That, it is true, concerned fruit, and fruit is more perishable than vegetables; but the difference is at least matched by the shorter time allowed and the earlier moment at which it began to run.

As to the cargo thrown overboard, it was not delivered, and the period began when the ship sailed. As to that condemned on the wharf, it had been landed, and the time ran from the landing. Had the period begun with "removal," the case would have been otherwise as to this part. The Bencleuch (C. C. A.) 10 F.(2d) 49, supra; The San Guglielmo (C. C. A.) 249 F. 588, supra.

Decree reversed; libel dismissed.