**UNITED STATES INDUSTRIAL ALCOHOL CO. v. CALMAR S. S. CORPORATION.**

**No. 328.**

Circuit Court of Appeals, Second Circuit.

April 4, 1932.

Duncan & Mount, of New York City (Frank A. Bull, of New York City, of counsel), for appellant.

Bigham Englar, Jones & Houston, of New York City (F. Herbert Prem, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

As we think the respondent has a complete defense in the failure of the libelant to give the written notice required by the bill of lading, it is unnecessary to set out more than the facts bearing upon this. The suit was to recover for the loss of part of a deck cargo of drums of lacquer thinner, which went by the board during heavy weather on a voyage from Baltimore to Los Angeles. The bill of lading had prescribed deck stowage, and contained the following clause: "The carrier * * * shall not be liable * * * for any claim * * * for short delivery of * * * property * * * unless presented within ten days after the ship has finished discharging to the master of the ship or the ship's agent at port of discharge." The consignee was required to accept delivery from the ship's tackles immediately upon her arrival "without notice," as soon as she was ready to discharge. The shipper shipped the goods, consigned to the libelant at Anaheim, Cal., a place some twenty miles or more from the port of Los Angeles. The ship finished her discharge at the harbor of Los Angeles on May 9, 1929, and the libelant made written claim of loss in New York on June 13, and brought suit on November 11, 1931. It did not appear whether it had an agent at Los Angeles to receive the drums, or whether it had been advised of the arrival of the ship. The judge held, under our decision in The Lake Gaither (C. C. A.) 26 F.(2d) 198, that the clause was unreasonable and therefore invalid, and for this reason gave the libelant a decree on the merits.

The decision relied upon concerned a clause of unusual form, and turned entirely upon its interpretation. We held no more than that it contained no requirement that notice of any kind should be given within ten days after discharge, but only within ninety days of the issuance of the bill of lading, which had been given. We added obiter and by way of argument that it would have been "unreasonable only in a lesser degree to construe" the clause "so as to require the shipper to keep track of the date of final discharge"; that is, only less unreasonable than to expect him to know when the goods had been damaged or lost while on board. It does not appear that the consignee had agreed to accept delivery without notice as soon as the

ship was ready to discharge, and of course we had no intention of saying that, if he did know of the arrival, the requirement was unreasonable. We held that it was not in The President Polk (C. C. A.) 43 F.(2d) 695, 697, and have repeated this ruling recently in Schnell v. S. S. Cherca (C. C. A.) 55 F. (2d) 926. As long ago as The Queen of the Pacific, 180 U. S. 49, 21 S. Ct. 278, 45 L. Ed. 419, it was recognized that a clause might be reasonable in some circumstances and unreasonable in others. Certainly, if the libelant here had knowledge of the ship's arrival, it was reasonable to require it to give notice within ten days after her discharge. Moreover, the clause in which the consignee, who was the libelant, undertook to accept delivery at once upon the ship's readiness, may well be thought to charge him with the duty of keeping himself advised, though as to that we need not here commit ourselves.

■ We have too often now held that the burden is on the libelant to prove compliance with such conditions, to make further discussion desirable. The Geo. W. Goethals (C. C. A.) 298 F. 935; Cudahy v. Munson Line (C. C. A.) 22 F.(2d) 898; Gerli v. Cunard S. S. Co. (C. C. A.) 48 F.(2d) 115. Here the libelant has not shown that it did not know when she had finished her discharge, and has not therefore shown that the limitation was unreasonable in its actual incidence.

Decree reversed; libel dismissed.